IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEWELLEAN MOORE
ARTHUR CARSON                                                                             PLAINTIFFS

v.                            No. 4:21-cv-352-DPM

WANDA C. MERRITT, Regional
Director-HUD; TERMEKA L. HUBBARD,
Manager of the Cottage Apartments;
ENVOLVE MANAGEMENT CO.;
DOE, Regional Manager Envolve                                                DEFENDANTS

ORDER

1.   The applications to proceed *in forma pauperis* by Moore and Carson, *Doc. 1 & 2*, are granted. They live on modest disability incomes and have few assets.

2.   The Court must screen their complaint. 28 U.S.C. § 1915(e)(2). Hubbard manages the apartment complex where Moore and Carson lived. She works for Envolve, a management company. Moore and Carson allege that Hubbard caused their Section 8 vouchers for federal subsidized housing to be rescinded. (There may be only one voucher; this is unclear, but immaterial.) Moore and Carson had complained about housing conditions. They believe Hubbard, acting in retaliation and with the authority of her employer Envolve, falsified ledgers and raised their rent retroactively, intending

to cause their eviction. Because of Hubbard's bad acts, and Envolve's failure to supervise Hubbard, Moore and Hubbard say they lost their Section 8 vouchers and could no longer afford their apartment. Moore and Carson also say they were denied the due process required by Department of Housing and Urban Development policy. Merritt is HUD's regional director based in Little Rock. Moore and Carson allege that Merritt ignored Carson's complaints about the apartment complex and also failed to intervene or enforce HUD's due process mandate.

The Court doubts its subject matter jurisdiction. Moore and Carson have pleaded plausible Arkansas-law claims for tortious interference with a contract and breach of contract against Hubbard and Envolve. But Moore, Carson, and Hubbard are all Arkansawyers. There is thus no complete diversity of citizenship. 28 U.S.C. § 1332. Moore and Carson say that there's a federal question. The Court, however, does not see one in the claims made against the current defendants. Moore's many disabling conditions are mentioned, but there's no allegation of retaliation or discrimination because of her disabilities. The principle animating *Goldberg v. Kelly* establishes that the Due Process Clause protects Moore's and Carson's property interest in their issued Section 8 vouchers. 397 U.S. 254, 261–64 (1970). The Courts of Appeals have glanced off this issue in the eligibility context. *Hill v. Group Three Housing Development Corp.*, 799 F.2d 385, 393 (8th Cir. 1986); *Hunter v. Underwood*, 362 F.3d 468, 478–79 (8th Cir. 2004); *Ressler*

*v. Pierce*, 692 F.2d 1212, 1216 (9th Cir. 1982).  HUD funds the voucher program, which is administered by local public housing authorities. 42 U.S.C. § 1437f(b).  The Court takes judicial notice of the fact that the Housing Authority of the City of Little Rock d/b/a Metropolitan Housing Alliance administers Section 8 vouchers in Little Rock.  That is the entity that was required to give Moore and Carson notice of a decision to end these benefits, and (if requested) provide them a hearing before rescinding their voucher.  42 U.S.C. § 1437d; 24 C.F.R. § 982.555.  Moore and Carson haven't sued the Metropolitan Housing Alliance, which is (as best the Court can tell) the entity that has the due process obligation to voucher holders.  And they haven't provided any details showing that the required administrative process was not followed here.  They do say that they complained to Merritt, the HUD Regional Director, and she didn't make sure they got due process.  The Court has found nothing in the governing statutes or regulations, though, that gives the HUD Regional Director the authority to intervene in the administrative process of rescinding a voucher.  Moore and Carson therefore have no federal claim against Merritt.

The Court concludes that it lacks subject matter jurisdiction over Moore's and Carson's complaint as currently pleaded.  The Court will therefore dismiss their case without prejudice unless Moore and Carson file an amended complaint by 20 August 2021 that cures the jurisdictional problem.

-4-

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 July 2021